Ellyn S. Garofalo (SBN 158795)
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone:  (310) 843-6300
Facsimile:   (310) 843-6301
*egarofalo@carltonfields.com*

Attorneys for Defendants UNITED STATES FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS CORPORATION, and COVER GENIUS INSURANCE SERVICES, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MAIKI YAMADA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation; CRUM & FORSTER HOLDING CORPORATION, a Delaware corporation; COVER GENIUS INSURANCE SERVICES, LLC (DBA RENTALCOVER.COM), a Delaware limited liability company; DARCY RITTINGER, an individual; WESLEY JOHNSON, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-4926<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants United States Fire Insurance Company ("U.S. Fire"), Crum & Forster Holdings Corporation ("C&F Holdings"), and Cover Genius Insurance Services, LLC ("Cover Genius") (collectively, "Defendants"), file this Notice of Removal of this case from the Superior Court of the County of Los Angeles in and for the State of California, in which court the case was commenced, to the United States District Court for the Central District of California, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendants state the following:

### TIMELINESS OF REMOVAL

1. The Plaintiff Maiki Yamada ("Plaintiff"), commenced this action by filing the Complaint on May 8, 2024, in the Superior Court of the County of Los Angeles, in and for the State of California (Case No. 24STCV11632). The Summons and Complaint were served on United States Fire Insurance Company's registered agent and on Cover Genius Insurance Services, LLC's registered agent on May 13, 2024. Plaintiff also filed "Proof of Service of Summons" stating that process was served by substituted service on C&F Holdings on May 22, 2024.[1]

2. This notice of removal is timely because it is being filed within 30 days of service of the Complaint on Defendants. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

---

[1] C&F Holdings does not waive but expressly reserves its right to challenge service of process. The Complaint also names Darcy Rittinger and Wesley Johnson as co-defendants (the "Co-Defendants"). As of the date of the filing of this notice of removal, the Co-Defendants have not been served with process. Although their consent is unnecessary here, the Co-Defendants have consented to this removal. In any event, the Co-Defendants are citizens of the United States and none of the Co-Defendants are citizens of Japan or California.

# DIVERSITY JURISDICTION

**A.     The Complaint**

3.     The Complaint relates to an Individual Travel Protection Insurance Policy providing Rental Car Damage and Theft Coverage, underwritten by U.S. Fire, Reference Number MN65-8DHD-INS (the "Policy"), referred to in the Complaint as "Collision Damage Protection" or "CDP." *See* Complaint ¶ 15.[2]

4.     Plaintiff alleges that the Policy provided coverage "to Plaintiff and putative class members for collision damage to their rental vehicles, up to the policy limits of $35,000, $50,000, or $75,000" plus "other types of damage including but not limited to theft vandalism, loss of use, and natural disasters." Complaint ¶ 17.

5.     Plaintiff alleges that, "[o]n November 22, 2023, he rented a vehicle from LAX Transportation, LLC (dba 'OK Rent-A-Car')" and that "managers, operators, and/or employees of OK Rent-A-Car paid the premium for Defendants' CDP on behalf of Plaintiff" who was "the named insured."  Complaint ¶¶ 13, 18.

6.     On December 4, 2023, Plaintiff "was involved in a traffic collision" with damage and loss of use to the car totaling $11,152.22.  Complaint ¶ 20. Plaintiff "contacted OK Rent-A-Car and sought their help in submitting a claim to Defendants." *Id*.  A claim was submitted on or around December 12, 2023. *Id*. ¶ 21.

7.     Plaintiff alleges that "Defendants denied the claim, rescinded the policy, and returned the premium" stating that Plaintiff "concealed or misrepresented that OK Rent-A-Car paid the premium, and, as such, Plaintiff was ineligible for coverage.  Further Defendants alleged that because the policy was 'purchased by the rental company,' it is 'not transferrable to the renter.'"

---

[2] A copy of the Complaint is attached as **Exhibit 1**, and a copy of the state court docket and all other state court process, pleadings, and orders are attached collectively as **Exhibit 2**.

Complaint ¶ 25. Plaintiff contends that, in denying the claim, Defendants breached the Policy in bad faith, and breached the implied covenant of good faith and fair dealing. *Id.* ¶¶ 55, 64.

8. Plaintiff also contends that Defendants intentionally misrepresented "that insurance coverage can be purchased with 'a card that's under a different name.'" Complaint ¶ 72. Plaintiff further contends that Defendants denied the claims of Plaintiff and putative class members "for pretextual reasons involving alleged nonmaterial concealments and/or misrepresentations" and "knowingly violated fair insurance practices" constituting "malice, oppression, and/or fraud under California Civil Code section 3294." *Id.* ¶¶ 80, 83, 92.

9. The Complaint asserts six "causes of action" against Defendants: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional misrepresentation, (4) bad faith denial of an insurance claim, (5) violations of California Business and Professions Code sections 17200, *et seq.*, and (6) unjust enrichment. *See* Complaint ¶¶ 50-108.

10. The Complaint requests, *inter alia*, "permanent injunctive relief"; "compensatory, consequential, and general damages"; "statutory damages, trebled, and punitive or exemplary damages"; and "costs and expenses of the action, including, but not limited to reasonable attorneys' fees." *See* Complaint, § VII (Prayer for Relief), ¶¶ 2-5. The Complaint does not specify a total amount of damages. *See id*.

**B.     Diversity of Citizenship Exists Under 28 U.S.C. § 1332(a)**

11. The Plaintiff is a Japanese student residing in California for college. Complaint ¶ 5. Accordingly, Plaintiff is a citizen of Japan.

12. At the time the Complaint was filed, at the time of removal, and at all intervening times, U.S. Fire was and is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. C&F Holdings also was and is a corporation organized under the laws of

the State of Delaware, with its principal place of business in the State of New Jersey.  Accordingly, U.S. Fire and C&F Holdings are citizens of Delaware and New Jersey.

13. Cover Genuis Insurance Services, LLC was and is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, and Cover Genius had one member, Cover Genius, Inc., which was and is a corporation organized under the laws of the State of Delaware with its principal place of business in New York.  Accordingly, Cover Genius is a citizen of Delaware and New York.[3]

14. Because Defendants are citizens of certain states (not including California), and the Plaintiff is a citizen of Japan, complete diversity of citizenship exists within the meaning of 28 U.S.C. § 1332(a)(2).

**C.    The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

15. Pursuant to 28 U.S.C. § 1332(a), where diversity exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

16. The Complaint does not allege a specific, total amount of damages. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

17. The amount in controversy is the total "amount at stake in the underlying litigation." *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)).[4]

---

[3] The Complaint also names fictitious defendants Does 1 through 10, whose citizenship is not considered for purposes of removal.  *See* 28 U.S.C. § 1441(b)(1).

[4] In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for

1      18.    The Plaintiff alleges he "lost $11,152.22 in damages due under the policy." Complaint ¶¶ 58, 68.

    19.    The Complaint also seeks "statutory damages, trebled, and punitive or exemplary damages," for alleged bad faith, fraud, and violations of consumer protections laws, as well as "costs and expenses of the action, including, but not limited to reasonable attorneys' fees." Complaint, § VII (Prayer for Relief).

    20.    Regarding punitive damages, Plaintiff relies on Cal. Civ. Code § 3294. These damages are calculated in the amount in controversy by considering evidence of "jury verdicts in cases involving analogous facts." *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).

    21.    Here, California courts in cases involving insurance bad faith have upheld awards of punitive damages in excess of the roughly $64,000 remaining here to meet the requisite $75,000 amount in controversy. *See McCoy v. Progressive W. Ins. Co.*, 171 Cal. App. 4th 785 (Cal. Ct. App. 2d Dist. 2009) (affirming punitive damage award of $100,000 for bad faith denial of car insurance claim); *Campbell v. Cal-Gard Surety Servs., Inc.*, 62 Cal. App. 4th 563 (Cal. Ct. App. 4th Dist. 1998) (affirming $64,417 punitive damages award against insurer for unreasonable delay in processing and denying claim, and $9,788 for breach of contract and bad faith); *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910 (Cal. 1978) (affirming award of $750,000 inclusive of punitive damages in insurance bad faith action involving compensatory damages of $9,573.65).[5]

    22.    Taken together, the total amounts that the Plaintiff seeks in compensatory damages and punitive damages exceed $75,000. In addition, the

---

the plaintiff on all claims made in the complaint." *See Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 648 (9th Cir. 2012) (quotations and citation omitted).

[5] The Complaint also seeks an award of "statutory damages, trebled." Complaint at § VII (Prayer for Relief), ¶ 4.

Plaintiff seeks attorney's fees, which are part of the amount in controversy.[6] Accordingly, this action clearly meets the requisite amount in controversy for federal diversity jurisdiction.

## CONCLUSION

23. This Court has original jurisdiction over Plaintiff's claims because the action presents a dispute between citizens of a State and a citizen of a foreign state within the scope of 28 U.S.C. § 1332(a)(2), and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

24. Although Co-Defendants Darcy Rittinger and Wesley Johnson have not been properly served, and their consent is not required, the Co-Defendants have consented to this removal, and, in any event, they are U.S. citizens and not citizens of Japan or California.

25. Promptly after the filing of this Notice of Removal, written notice will be served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal will be filed with the Superior Court of the County of Los Angeles, in and for the State of California.

WHEREFORE, Defendants United States Fire Insurance Company, Crum & Forster Holdings Corporation, and Cover Genius Insurance Services, LLC, respectfully remove this action to the United States District Court for the Central District of California, Western Division.

---

[6] California law permits recovery of attorney's fees incurred by the insured in obtaining benefits tortiously withheld under the policy. *See Brandt v. Superior Court*, 37 Cal. 3d 813 (Cal. 1985). The attorneys' fees include those incurred as of the date of filing of the notice of removal, and all future attorney's fees that may be awarded if the action succeeds. *See Fritsch v. Swift Transp. Co. of Ariz, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

| | |
|---|---|
| Dated: June 11, 2024 | CARLTON FIELDS, LLP |
| | By: /s/ *Ellyn S. Garofalo* |
| |       Ellyn Garofalo |
| | |
| | Attorneys for Defendants UNITED STATES FIRE INSURANCE COMPANY, CRUM & FORSTER HOLDINGS CORPORATION, and COVER GENIUS INSURANCE SERVICES, LLC |